**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| LAVELL FONTAIN PENNINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:17-cv-02473-TLP-tmp |
| v. | ) | |
| | ) | |
| SHELBY COUNTY DIVISON OF | ) | |
| CORRECTIONS and | ) | |
| CORRECT CARE SOLUTIONS, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DISMISSING COMPLAINT,**
**CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,**
**AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE**

Plaintiff Lavell Fontain Pennington, a former inmate at the Shelby County Division of Correction in Memphis, Tennessee, sued pro se under 42 U.S.C. § 1983 and moved to proceed in forma pauperis. (ECF Nos. 1, 2.) The Court later issued an order granting leave to proceed in forma pauperis and assessing the civil filing fee under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)–(b). (ECF No. 5.) Plaintiff later moved for appointment of counsel. (ECF No. 8.) In November 2017, Plaintiff informed the Court that he is no longer incarcerated and provided his new mailing address. (ECF No. 9.) The Court then ordered Plaintiff to either file a non-prisoner in forma pauperis affidavit or pay the full $400 civil filing fee. (ECF No. 10.) Plaintiff submitted the affidavit. And the Court granted his motion to proceed in forma pauperis but denied his motion for appointment of counsel. (ECF Nos. 12, 13.) The Clerk is to record the Defendants as Shelby County Division of Corrections (SCDC), and Correct Care Solutions.

## I. Plaintiff's Allegations

Plaintiff alleges that his bunk bed collapsed as he tried to jump onto it, causing him to fall and injure his elbow and hip, respectively. (ECF No. 1 at PageID 2.) A nurse treated Plaintiff's elbow but told him he "would have to be seen by outside attention for an x-ray" of his hip. (*Id.*) Meanwhile, the facility moved Plaintiff to a lower bunk. (*Id.*) An officer in SCDC saw Plaintiff laying on the lower bunk and told him to return to his "assigned bunk." (*Id.* at PageID 4.) Plaintiff told the officer about his injury and transfer to a lower bunk, but the officer allegedly wrote a disciplinary report against Plaintiff for being absent from his assigned area and being disrespectful to the officer. (*Id.*) Two days later, the staff conducted a disciplinary hearing and the hearing officer found Plaintiff guilty but then told Plaintiff he could appeal. (*Id.*) Plaintiff won his appeal, and the hearing officer's report was reversed. (*Id.*)

Plaintiff claims he has submitted many sick-call requests and grievances because his hip continues to cause him pain. (*Id.*) On one occasion Plaintiff went to Regional One Medical Center for an x-ray of his hip and leg, which came back negative. (*Id.*) Plaintiff received medication but continues to have pain. (*Id.*) He asserts that his doctor was negligent in not sending him for a second opinion about his hip. (*Id.*) Plaintiff seeks $50,000 in compensatory damages. (*Id.* at PageID 3.)

## II. Screening Analysis

### A. Legal Standard

The Court has to screen prisoner complaints and to dismiss any complaint, or any portion of it, if the complaint—

    (1)    is frivolous, malicious, or fails to state a claim upon which relief
            may be granted; or

> (2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

To assess whether the complaint here states a claim on which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), the Court applies the standard from *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681).  Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.  A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), as well as factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).  But Pro se litigant are not exempt from Federal Rules of Civil Procedure requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and holding "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

Plaintiff sues under 42 U.S.C. § 1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege (1) a deprivation of rights secured by the "Constitution and laws" of the United States, (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

### B. Application to Case at Bar

#### 1. Claim against county government

Plaintiff fails to state a valid claim against SCDC. SCDC is a division of county government so the complaint here is construed as one against Shelby County. Local government "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1978); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). A municipality is not liable for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691–92; *Deaton v. Montgomery Co., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

To succeed a plaintiff must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Co. v. Dodson*, 454 U.S. at 326 (citation omitted)).

Plaintiff identifies no Shelby County policy that this Court could construe as a "moving force" behind his allegedly inadequate medical treatment.

### 2. Claim against Core Correct Solutions

Plaintiff also fails to state a claim against Core Correct Solutions. "A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). The Sixth Circuit applies the same standards as those for municipal liability to claims against private corporations that operate prisons or provide medical care or food services to prisoners. *Id.* at 748–49; *Street*, 102 F.3d at 817–18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001); *see also Eads v. State of Tenn.*, No. 1:18-cv-00042, 2018 WL 4283030, at *9 (M.D. Tenn. Sept. 7, 2018). Plaintiff "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011). But Plaintiff does not allege that any Correct Care policy or custom caused his injury here or that such a policy or custom was the "moving force" behind his denial of a receipt of a second opinion for his hip injury.

### 3. Claim of Deliberate Indifference

And Plaintiff fails to state a claim for "deliberate indifference" under the Eighth Amendment. *See generally Wilson v. Seiter*, 501 U.S. 294 (1991). The Eighth Amendment guarantees a prisoner the right to medical care, and this right is violated when prison authorities show "deliberate indifference to a prisoner's serious illness or injury." *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective

component, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005). The subjective component of an Eighth Amendment violation requires a prisoner to demonstrate that the official acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson*, 501 U.S. at 297, 302–03. "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. Thus, "the prison official must know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837–38.

Plaintiff was treated for his elbow injury, sent to an outside medical center for an x-ray, and prescribed medication for his pain. None of Plaintiff's allegations suggest any Defendant acted with deliberate indifference to his injuries. And disagreement about the course of treatment does not present a proper claim under § 1983. *Estelle*, 429 U.S. at 107; *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."). Even if Plaintiff's doctor were negligent in not recommending a second opinion— and there is no suggestion he was—negligence or medical malpractice does not amount to a constitutional violation. *See Farmer*, 511 U.S. at 835–36; *Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Thus, the Court dismisses Plaintiff's complaint for failure to state a claim.

The Sixth Circuit gives the district court discretion to allow a prisoner to amend his complaint to avoid a sua sponte dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam)

("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where Plaintiff cannot cure a deficiency. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every sua sponte dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). Here, the Court determines that leave to amend is not warranted.

### C. Conclusion

In conclusion, the Court DISMISSES Plaintiff's complaint for failure to state a claim on which relief can be granted, under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend is DENIED.

The Court also considers whether it should allow Plaintiff to appeal this decision in forma pauperis. A non-prisoner looking to proceed on appeal in forma pauperis must obtain pauper status under Federal Rule of Appellate Procedure 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party has a right to proceed in forma pauperis in the district court, then he may also proceed on appeal in forma pauperis without further authorization, unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may move to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)–(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not baseless. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed before service on the defendants, but has sufficient merit to support an appeal in forma pauperis. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The Court, therefore, determines that an appeal would not be taken in good faith for the same reason that it is dismissing the complaint for failure to state a claim.

It is CERTIFIED, under Federal Rule of Appellate Procedure 24(a), that any appeal by Plaintiff would not be taken in good faith. Leave to proceed on appeal in forma pauperis is, therefore, DENIED. As a result, if Plaintiff files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion for leave to appeal in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals. For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the second dismissal of one of his cases as baseless or for failure to state a claim. *See Pennington v. Shelby County*, *et al.*, No. 2:14-cv-02704-JDT-tmp (W.D. Tenn. Feb. 26, 2015) (dismissing for failure to state a claim and assessing a strike). This strike will take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763–64 (2015).

**SO ORDERED**, this 8th day of April, 2019.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE